## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**ROCKFORD BANK AND TRUST**,
an Illinois chartered bank,

       Plaintiff,                           Case No. 18-13529

v.                                       Hon. Stephen J. Murphy, III

**TRICON SECURITY GROUP, LLC**,
a Michigan limited liability company,
and **MICHAEL C. WHITTAKER**,
an individual,

       Defendants.
_____/

| | |
|---|---|
| HONIGMAN MILLER SCHWARTZ AND COHN LLP | SCHAFER AND WEINER, PLLC |
| Attorneys for Plaintiff RB&T | Attorneys for Defendant Tricon Security Group, LLC |
| Jeremy D. Lockhart (P76500) | Howard M. Borin (P51919) |
| 2290 First National Building | Jeffery J. Sattler (P72733) |
| 660 Woodward Avenue | 40950 Woodward Ave., Ste. 100 |
| Detroit, Michigan 48226 | Bloomfield Hills, MI 48304 |
| (313) 465-7402 | (248) 540-3340 |
| jlockhart@honigman.com | hborin@schaferandweiner.com |
| | jsattler@schaferandweiner.com |

_____/

## ANSWER OF DEFENDANT TRICON SECURITY GROUP, LLC

Tricon Security Group, LLC ("Defendant"), by and through its attorneys,

Schafer and Weiner, PLLC, in response to Rockford Bank & Trust's ("Plaintiff")

*Complaint and Jury Demand* ("Complaint"), states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.      Defendant neither admits nor denies the allegations in paragraph 1 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

2.      Defendant admits the allegations in paragraph 2 of the Complaint.

3.      Defendant admits that Michael C. Whittaker ("Whittaker") is an individual citizen of the State of Michigan, and is Defendant's sole member and chief executive officer, as alleged in paragraph 3 of the Complaint.  Defendant denies that Whittaker conducts business in his individual capacity, let alone in the State of Michigan, as further alleged in paragraph 3 of the Complaint.

4.      The allegations in paragraph 4 state legal conclusions to which no answer is required.  *To the extent further answer is required*, Defendant admits that venue is proper in this District, and otherwise neither admits nor denies the rest of the allegations in paragraph 4 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

5.      The allegations in paragraph 5 state legal conclusions to which no answer is required.  *To the extent further answer is required*, Defendant admits that this Court has personal jurisdiction over Defendant, as Defendant is a Michigan limited liability company "carrying on" and "transacting" business in Michigan;

admits that this Court has personal jurisdiction over Whittaker, as Whittaker resides in Michigan; denies the allegation that Whittaker "carries on" and "transacts" business in Michigan in his individual capacity; and otherwise neither admits nor denies other allegations in paragraph 5 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

6.     The allegations in paragraph 6 state legal conclusions to which no answer is required. *To the extent further answer is required*, Defendant admits the allegations in paragraph 6 of the Complaint.

### GENERAL ALLEGATIONS

7.     The allegations in paragraph 7 state legal conclusions to which no answer is required. *To the extent further answer is required*, the alleged agreement speaks for itself and no answer is required. *To the extent even further answer is required*, Defendant neither admits nor denies other allegations in paragraph 7 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

8.     The allegations in paragraph 8 state legal conclusions to which no answer is required. *To the extent further answer is required*, the alleged agreement speaks for itself and no answer is required. *To the extent even further answer is required*, Defendant neither admits nor denies other allegations in paragraph 8 of

the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

9.      The allegations in paragraph 9 state legal conclusions to which no answer is required.  *To the extent further answer is required*, the alleged agreement in paragraph 9 of the Complaint speaks for itself and no answer is required.  *To the extent even further answer is required*, Defendant neither admits nor denies the other allegations in paragraph 9 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

10.     The allegations in paragraph 10 state legal conclusions to which no answer is required.  *To the extent further answer is required*, the alleged agreement speaks for itself and no answer is required.  *To the extent even further answer is required*, Defendant neither admits nor denies other allegations in paragraph 10 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

11.     The allegations in paragraph 11 state legal conclusions to which no answer is required.  *To the extent further answer is required*, the alleged agreement speaks for itself and no answer is required.  *To the extent even further answer is required*, Defendant neither admits nor denies other allegations in paragraph 11 of

the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

12. The allegations in paragraph 12 state legal conclusions to which no answer is required. *To the extent further answer is required*, the alleged agreement speaks for itself and no answer is required. *To the extent even further answer is required*, Defendant neither admits nor denies other allegations in paragraph 12 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

13. The allegations in paragraph 13 state legal conclusions to which no answer is required. *To the extent further answer is required*, the alleged agreement speaks for itself and no answer is required. *To the extent even further answer is required*, Defendant neither admits nor denies other allegations in paragraph 13 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

14. The alleged agreement in paragraph 14 of the Complaint speaks for itself and no answer is required. *To the extent that further answer is required*, Defendant neither admits nor denies the other allegations in paragraph 14 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16.     The alleged agreement in paragraph 16 of the Complaint speaks for itself and no answer is required.  *To the extent that further answer is required*, Defendant denies the allegations in paragraph 16 of the Complaint.

17.     The alleged agreement in paragraph 17 of the Complaint speaks for itself and no answer is required.  *To the extent that further answer is required*, Defendant denies the allegations in paragraph 17 of the Complaint.

18.     Defendant neither admits nor denies the other allegations in paragraph 18 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

19.     The allegations in paragraph 19 state legal conclusions to which no answer is required.  *To the extent further answer is required*, the alleged agreements speak for themselves and no answer is required.  *To the extent even further answer is required*, Defendant neither admits nor denies other allegations in paragraph 19 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

20.     The allegations in paragraph 20 state legal conclusions to which no answer is required.  *To the extent further answer is required*, the alleged agreements speak for themselves and no answer is required.  *To the extent even further answer is required*, Defendant neither admits nor denies other allegations

in paragraph 20 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

21.     The allegations in paragraph 21 state legal conclusions to which no answer is required.   *To the extent further answer is required*, the alleged agreements speak for themselves and no answer is required.   *To the extent even further answer is required*, Defendant neither admits nor denies other allegations in paragraph 21 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

22.     The allegations in paragraph 22 state legal conclusions to which no answer is required.   *To the extent further answer is required*, the alleged agreements speak for themselves and no answer is required.   *To the extent even further answer is required*, Defendant neither admits nor denies other allegations in paragraph 22 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

23.     The allegations in paragraph 23 state legal conclusions to which no answer is required.   *To the extent further answer is required*, the alleged agreements speak for themselves and no answer is required.   *To the extent even further answer is required*, Defendant neither admits nor denies other allegations in paragraph 23 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

24.     The allegations in paragraph 24 state legal conclusions to which no answer is required.   *To the extent further answer is required*, the alleged agreements speak for themselves and no answer is required.   *To the extent even further answer is required*, Defendant neither admits nor denies other allegations in paragraph 24 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

25.     The allegations in paragraph 25 state legal conclusions to which no answer is required.   *To the extent further answer is required*, the alleged agreements speak for themselves and no answer is required.   *To the extent even further answer is required*, Defendant neither admits nor denies other allegations in paragraph 25 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

26.     The allegations in paragraph 26 state legal conclusions to which no answer is required.   *To the extent further answer is required*, the alleged agreements speak for themselves and no answer is required.   *To the extent even further answer is required*, Defendant neither admits nor denies other allegations in paragraph 26 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

27.     The allegations in paragraph 27 state legal conclusions to which no answer is required.   *To the extent further answer is required*, the alleged

agreements speak for themselves and no answer is required. *To the extent even further answer is required*, Defendant neither admits nor denies other allegations in paragraph 27 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

28.     The allegations in paragraph 28 state legal conclusions to which no answer is required.  *To the extent further answer is required*, the alleged agreements speak for themselves and no answer is required.  *To the extent even further answer is required*, Defendant neither admits nor denies other allegations in paragraph 28 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

29.     Defendant objects to the form of the allegations referencing "those payments" and the unidentified party or parties supposedly requesting them, which are unclear and difficult to answer.  Defendant admits that it is due and owing to ProCorp, LLC ("ProCorp"), subject to any of Defendant's possible counterclaims, setoff, recoupment and similar rights.  Defendant otherwise neither admits nor denies the other allegations in paragraph 29 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

30.     Defendant admits that it is due and owing to ProCorp, subject to any of Defendant's possible counterclaims, setoff, recoupment and similar rights.

Defendant otherwise neither admits nor denies the other allegations in paragraph 30 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

31.     The allegations in paragraph 31 state legal conclusions to which no answer is required.   *To the extent further answer is required*, the alleged agreements speak for themselves and no answer is required.   *To the extent even further answer is required*, Defendant neither admits nor denies other allegations in paragraph 31 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

32.     The allegations in paragraph 32 state legal conclusions to which no answer is required.  *To the extent further answer is required*, Defendant admits that Defendant and Whittaker signed a document, of which Exhibit G appears to be a copy; denies that said document is binding; and otherwise neither admits nor denies other allegations in paragraph 32 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

33.     Exhibit G speaks for itself and no answer is required.  *To the extent that further answer is required*, Defendant denies that Exhibit G acknowledges or otherwise mentions ProCorp whatsoever and that said document is binding;  admits that Defendant is due and owing to ProCorp, subject to any of Defendant's

possible counterclaims, setoff, recoupment and similar rights; and otherwise neither admits nor denies other allegations in paragraph 33 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth and leaves Plaintiff to its proofs.

34.     Exhibit G speaks for itself and no answer is required.  *To the extent further answer is required*, the allegations state legal conclusions to which no answer is required.  *To the extent even further answer is required*, Defendant objects to the form of the allegations referencing "the invoices", which are unclear and difficult to answer.  *To the extent even further answer is required*, Defendant neither admits nor denies other allegations in paragraph 34 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

35.     Exhibit G speaks for itself and no answer is required.  *To the extent further answer is required*, Defendant objects to the form of the allegations referencing "the outstanding invoices", which are unclear and difficult to answer.  *To the extent even further answer is required*, Defendant neither admits nor denies other allegations in paragraph 35 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

36.     Exhibit G speaks for itself and no answer is required.  *To the extent further answer is required*, the allegations state legal conclusions to which no answer is required.  *To the extent even further answer is required*, Defendant neither admits nor denies other allegations in paragraph 36 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

37.     Exhibit G speaks for itself and no answer is required.  *To the extent further answer is required*, the allegations state legal conclusions to which no answer is required.  *To the extent even further answer is required*, Defendant denies that Exhibit G is binding; and otherwise neither admits nor denies other allegations in paragraph 37 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

38.     Defendant objects to the form of the allegations being based upon the improper premise that the subject document is binding upon it.  *To the extent further answer is required*, Defendant admits that it has not paid August since the purported date of said document; and otherwise neither admits nor denies any other allegations in paragraph 38 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

## COUNT I – BREACH OF CONTRACT (SERVICES AGREEMENT)
## (BY RB&T AGAINST DEFENDANT TRICON)

39.     Defendant neither admits not denies the allegations in paragraph 39 of the Complaint, for reasons including but not limited to one or more of those aforementioned.

40.     The allegations state legal conclusions to which no answer is required. *To the extent further answer is required*, the alleged agreement speaks for itself and no answer is required.   *To the extent even further answer is required*, Defendant neither admits nor denies other allegations in paragraph 40 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

41.     The allegations state legal conclusions to which no answer is required. *To the extent further answer is required*, the alleged agreement speaks for itself and no answer is required.   *To the extent even further answer is required*, Defendant neither admits nor denies other allegations in paragraph 41 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

42.     The allegations state legal conclusions to which no answer is required. *To the extent further answer is required*, the alleged agreement speaks for itself and no answer is required.   *To the extent even further answer is required*, Defendant neither admits nor denies other allegations in paragraph 42 of the

Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

43.     The allegations state legal conclusions to which no answer is required. *To the extent further answer is required*, the alleged agreement speaks for itself and no answer is required.   *To the extent even further answer is required*, Defendant neither admits nor denies other allegations in paragraph 43 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

44.     The allegations state legal conclusions to which no answer is required. *To the extent further answer is required*, the alleged agreement speaks for itself and no answer is required.   *To the extent even further answer is required*, Defendant neither admits nor denies other allegations in paragraph 44 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

45.     The allegations state legal conclusions to which no answer is required. *To the extent further answer is required*, the alleged agreement speaks for itself and no answer is required.   *To the extent even further answer is required*, Defendant denies that RB&T is a party to the alleged agreement, and otherwise neither admits nor denies other allegations in paragraph 45 of the Complaint for

lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

WHEREFORE, based on the foregoing answers provided in paragraphs 1 through 45 hereof, Defendant respectfully requests that this Honorable Court DENY the relief sought by Plaintiff in Count I.

### COUNT II – BREACH OF CONTRACT (["]BINDING["] LOI) (BY RB&T AGAINST DEFENDANT TRICON)

46.     Defendant neither admits not denies the allegations in paragraph 46 of the Complaint, for reasons including but not limited to one or more of those aforementioned.

47.     The allegations state legal conclusions to which no answer is required. *To the extent further answer is required*, Exhibit G speaks for itself and no answer is required.  *To the extent even further answer is required*, Defendant denies that Exhibit G is binding, and otherwise neither admits nor denies other allegations in paragraph 47 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

48.     The allegations state legal conclusions to which no answer is required. *To the extent further answer is required*, the alleged agreement(s) and other written instruments speak for themselves and no answer is required.  *To the extent even further answer is required*, Defendant denies that Exhibit G is binding; and otherwise neither admits nor denies other allegations in paragraph 48 of the

Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

49.     The alleged agreement(s) and other written instruments speak for themselves and no answer is required.  *To the extent further answer is required*, the allegations state legal conclusions to which no answer is required.  *To the extent even further answer is required*, Defendant denies that Exhibit G is binding, and otherwise neither admits nor denies other allegations in paragraph 49 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

50.     The allegations state legal conclusions to which no answer is required. *To the extent further answer is required*, Exhibit G speaks for itself and no answer is required.  *To the extent even further answer is required*, Defendant denies that Exhibit G is binding, and otherwise neither admits nor denies other allegations in paragraph 50 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

51.     The allegations state legal conclusions to which no answer is required. *To the extent further answer is required*, Exhibit G speaks for itself and no answer is required.  *To the extent even further answer is required*, Defendant denies that Exhibit G is binding, and otherwise neither admits nor denies other allegations in

paragraph 51 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

52.    The allegations state legal conclusions to which no answer is required. *To the extent further answer is required*, Exhibit G speaks for itself and no answer is required.  *To the extent even further answer is required*, Defendant denies that Exhibit G is binding, and otherwise neither admits nor denies other allegations in paragraph 52 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

53.    Defendant objects to the form of the allegations in paragraph 53 of the Complaint as they are not simple, concise, and direct, which makes them difficult to answer.  *To the extent further answer is required*, the allegations state legal conclusions to which no answer is required.  *To the extent even further answer is required*, Defendant denies that Exhibit G is binding, and otherwise neither admits nor denies other allegations in paragraph 53 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

WHEREFORE, based on the foregoing answers provided in paragraphs 1 through 53 hereof, Defendant respectfully requests that this Honorable Court DENY the relief sought by Plaintiff in Count II.

## COUNT III – BREACH OF CONTRACT (["]BINDING["] LOI)
### (BY RB&T AGAINST DEFENDANT WHITTAKER)

54.     Defendant neither admits not denies the allegations in paragraph 54 of the Complaint, for reasons including but not limited to one or more of those aforementioned.

55.     The allegations state legal conclusions to which no answer is required. *To the extent further answer is required*, Exhibit G speaks for itself and no answer is required.  *To the extent even further answer is required*, Defendant denies that Exhibit G is binding, and otherwise neither admits nor denies other allegations in paragraph 55 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

56.     The allegations state legal conclusions to which no answer is required. *To the extent further answer is required*, the alleged agreement(s) and other written instruments speak for themselves and no answer is required.  *To the extent even further answer is required*, Defendant denies that Exhibit G is binding; and otherwise neither admits nor denies other allegations in paragraph 56 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

57.     The alleged agreement(s) and other written instruments speak for themselves and no answer is required.  *To the extent further answer is required*, the allegations state legal conclusions to which no answer is required.  *To the extent*

*even further answer is required*, Defendant denies that Exhibit G is binding, and otherwise neither admits nor denies other allegations in paragraph 57 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

58.     The allegations state legal conclusions to which no answer is required. *To the extent further answer is required*, Exhibit G speaks for itself and no answer is required.  *To the extent even further answer is required*, Defendant denies that Exhibit G is binding, and otherwise neither admits nor denies other allegations in paragraph 58 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

59.     The allegations state legal conclusions to which no answer is required. *To the extent further answer is required*, Exhibit G speaks for itself and no answer is required.  *To the extent even further answer is required*, Defendant denies that Exhibit G is binding, and otherwise neither admits nor denies other allegations in paragraph 59 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

60.     Defendant objects to the form of the allegations in paragraph 60 of the Complaint as they are not simple, concise, and direct, which makes them difficult to answer.  *To the extent further answer is required*, the allegations state legal conclusions to which no answer is required.  *To the extent even further answer is*

*required*, Defendant denies that Exhibit G is binding, and otherwise neither admits nor denies other allegations in paragraph 60 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth, and leaves Plaintiff to its proofs.

WHEREFORE, based on the foregoing answers provided in paragraphs 1 through 60 hereof, Defendant respectfully requests that this Honorable Court DENY the relief sought by Plaintiff in Count III.

## AFFIRMATIVE AND SPECIAL DEFENSES

Defendant may rely on the following Affirmative and/or Special Defenses:

1.    Plaintiff lacks standing as the real party in interest to bring, *inter alia*, Count I of the Complaint.

2.    Exhibit G of the Complaint is not binding.

3.    Exhibit G and the other purported agreements and written instruments that Plaintiff relies upon in the Complaint are unenforceable, in whole or in part, or subject to reformation under <u>numerous</u> contractual defenses, including those relating to Plaintiff's first substantial breach, vague and ambiguous language, accident, inadvertence, unilateral and mutual mistake, "meeting of the minds"/mutual assent, material misrepresentations and/or material omissions,

consideration, impossibility, impracticability, frustration of purpose, inequitable conduct, good faith, and public policy.

4.      Exhibit D of the Complaint is forged and fraudulent.

5.      In its claim for damages, Plaintiff is not accounting for any of Defendant's possible counterclaims, setoff, recoupment and similar rights against ProCorp, which is supposedly Plaintiff's predecessor in interests.

6.      Plaintiff is seeking unwarranted and unsubstantiated damages.

7.      Plaintiff is failing to abide by its duty to mitigate damages.

8.      Plaintiff's claims are also barred by failure of conditions precedent.

9.      Plaintiff's claims are also barred, in whole or in part, by equitable doctrines, including unclean hands, laches, and equitable estoppel.

10.      Plaintiff's claims are also barred, in whole or in part, by waiver, release and/or estoppel.

11.      Defendant reserves all manner of objections and exceptions to Exhibit G and the other purported agreements and written instruments that Plaintiff relies upon in the Complaint, including but not limited to their accuracy, authenticity, admissibility, and/or completeness.

12.      Defendant reserves the right to supplement and/or amend these affirmative defenses as discovery and investigation proceed, and the failure to set

forth additional defenses at this time shall not constitute a waiver of, or estoppel against, any such supplements or amendments.

Respectfully submitted,

SCHAFER AND WEINER, PLLC


By: /s/ Howard M. Borin
HOWARD M. BORIN (P51919)
JEFFERY J. SATTLER (P72733)
Attorneys for Defendant
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
(248)540-3340
hborin@schaferandweiner.com
Dated:  December 5, 2018          jsattler@schaferandweiner.com

## PROOF OF SERVICE

The undersigned certifies that on December 5, 2018, he electronically filed **Answer of Defendant Tricon Security Group, LLC** with the Clerk of the Court using the Court's ECF system which will send notification of such filing to all counsel listed on the Court's Electronic Mail Notice List.

/s/  Howard M. Borin